CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Katherine N. Christodoulatos, Esq.
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ISS MARINE SERVICES, LTDA.<br><br>    Plaintiff,<br><br>  v.<br><br>RUSHAB SHIP INTERNATIONAL, LLC<br><br>    Defendant. | IN ADMIRALTY<br><br>NO.<br><br>VERIFIED COMPLAINT |

  **COMES NOW**, Plaintiff, ISS MARINE SERVICES, LTDA. ("ISS" or "Plaintiff"), by and through its attorneys, Chalos & Co, P.C., for its Verified Complaint against Defendant RUSHAB SHIP INTERNATIONAL, LLC ("RUSHAB" or "Defendant"), and for its claim avers and pleads as follows.

**JURISDICTION AND VENUE**

  1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

  2. The Court has jurisdiction over Defendant because Defendant transacts business in the State of New Jersey, within this judicial district.

  3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (c).

## THE PARTIES

4. At all times material hereto, Plaintiff was and is a foreign business entity organized under the laws of Brazil.

5. Upon information and belief, at all times material hereto, Defendant was and is a domestic limited liability company organized under the laws of the state of New Jersey, with a principal place of business at 43 Jonathan Drive, Edison, New Jersey.

## FACTUAL BACKGROUND

6. On April 28, 2012, ISS was appointed by Accord Marine Management Pvt. Ltd., on behalf of the Owner of the M/V DON RAUL (hereinafter sometimes the "Vessel"), to serve as "Owner's protective agents" at the Port of Rio de Janeiro, Brazil, while the Vessel underwent necessary repairs.

7. Upon information and belief, at all times material hereto, Accord Marine Management Pvt. Ltd. (hereinafter "Accord") was the charterer, manager, and/or operator of the M/V DON RAUL.

8. At all relevant times, Accord was acting for and on behalf of its principal, the Owner of the M/V DON RAUL, *i.e.* – Defendant RUSHAB.

9. ISS confirmed the appointment and advised of its policy to receive funds in advance of the Vessel's arrival to enable it to begin providing the requested agency services.

10. Accord confirmed that payment would be made by its "principals". Thereafter, Mr. Rushab Kamdar, Vice President of Defendant RUSHAB, confirmed that payment of USD 20,000 had been remitted to ISS and provided a wire transfer confirmation confirming that payment had been made from RUSHAB's account. *A copy of the relevant email exchanges*

*between Accord, ISS, and RUSHAB, as well as the wire transfer confirmation conforming payment from RUSHAB's account, is attached hereto as Exhibit "1".*

11. Pursuant to its appointment by Accord on behalf of Defendant RUSHAB, from May 3, 2012 until July 19, 2012, ISS served as Owners' protective agents for the M/V DON RAUL while the Vessel underwent repairs at the Port of Rio De Janeiro RJ / Anchorage Area 06A.

12. As Owners' agent, ISS was requested to, and did, obtain and provide various necessary goods and services for the operation of the M/V DON RAUL, including but not limited to handling port charges, vessel expenses, cargo/terminal expenses, agency charges, and other miscellaneous charges.

13. While many of these services were requested by Accord, on RUSHAB's behalf, on multiple occasions throughout the period in which the Vessel underwent repairs, RUSHAB also contacted ISS directly to request that certain services be provided. *Copies of emails directly from Rushab and/or the Vessel in which specific services were requested from ISS are attached hereto as Exhibit "2".*

14. Throughout the course of ISS's provision of agencies services to the Vessel, RUSHAB made six (6) payments to ISS, totaling USD 215,828.90, for disbursements that had been incurred and paid in the first instance by ISS on RUSHAB's behalf.

15. On August 16, 2012, after the Vessel had sailed, ISS issued its Voyage Disbursement Account to Accord (as agent for its principal RUSHAB), with complete supporting vouchers, totaling USD 238,397.51, and reflecting a balance of USD 22,568.61 due

in ISS's favor. *A copy of ISS's Disbursement Account dated August 16, 2012 is attached hereto as Exhibit "3".*[1]

16. On September 5, 2012, ISS issued its Supplemental Disbursement Account to Accord (as agent for its principal RUSHAB), increasing the balance owed to ISS to USD 22,636.34 to reflect an additional invoice ISS received in connection with the Vessel's call to Rio De Janeiro. *A copy of ISS's Supplemental Disbursement Account dated September 5, 2012 is attached hereto as Exhibit "4".*

17. Despite ISS having incurred these costs and paid these disbursements in the first instance at the request of and on behalf of RUSHAB, RUSHAB has failed, neglected, and/or otherwise refused to pay the balance of USD 22,636.34 due and owing to ISS, and interest continues to accrue on the unpaid amount.

FIRST CAUSE OF ACTION

*Breach of Contract*

18. Plaintiff ISS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through seventeen (17) as if set forth herein at length.

19. At the request of Defendant, Plaintiff ISS undertook to provide necessary maritime services to Defendant RUSHAB's Vessel, the M/V DON RAUL, while the Vessel underwent repairs at the Brazilian Port of Rio De Janeiro.

20. In advance of doing so, ISS and RUSHAB agreed that ISS would issue invoices and be compensated for the services provided.

---

[1] The complete supporting vouchers for this Disbursement Account are voluminous, totaling hundreds of pages. As such, they have not been attached hereto, but can and will be provided to the Court upon request.

21.     ISS provided the agreed upon services to the M/V DON RAUL and provided a Disbursement Account and Supplemental Disbursement Account at the conclusion of the Vessel's stay at Rio De Janeiro.

22.     RUSHAB has received the benefit of Plaintiff ISS's services and have received the invoices presented without objection.

23.     Despite repeated requests for payment by ISS, Defendant RUSHAB has neglected, failed and otherwise refused to pay for the services rendered by ISS, in breach of the parties' agreement.

24.     As a result of the Defendant RUSHAB's willful failure to honor its obligations under the parties' agreement, Plaintiff has suffered damages in an amount no less than USD 22,363.34, plus interest.

## SECOND CAUSE OF ACTION

### *Account Stated*

25.     Plaintiff ISS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-four (24) as if set forth herein at length.

26.     Following the Vessel's departure from the port of Rio de Janeiro, Brazil, ISS issued its final Disbursement Account for services provided to the Vessel while it underwent repairs, reflecting an outstanding balance of USD 22,568.61. *See Exhibit "4"*.

27.     Thereafter, ISS issued its Supplemental Disbursement Account for additional services provided to the Vessel while it underwent repairs, reflecting an increased outstanding balance of USD 22,636.34. *See Exhibit "5"*.

28.     RUSHAB has retained ISS's Disbursement Accounts without objection.

29.     More than a reasonable time has elapsed.

30.     Accordingly, ISS is entitled to judgment in an amount no less than USD 22,363.34, plus interest.

## THIRD CAUSE OF ACTION

### *Unjust Enrichment*

31.     Plaintiff ISS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through thirty (30) as if set forth herein at length.

32.     At the request of Defendant, Plaintiff ISS undertook to provide necessary maritime services to Defendant RUSHAB's Vessel, the M/V DON RAUL, while the Vessel underwent repairs at the Brazilian Port of Rio De Janeiro.

33.     Despite demands for payment for its services, an outstanding balance of USD 22,363.34 remains due and owing to plaintiff ISS.

34.     Defendant RUSHAB has inequitably benefited from the neglect, failure, and/or refusal to pay ISS USD 22,363.34 for the services ISS provided at the request of, and for the benefit of, RUSHAB.

35.     Defendant RUSHAB has unjustly received and retained the benefit of the services rendered by ISS.

36.     Equity and good conscience require Defendant RUSHAB to pay ISS damages in an amount no less than USD 22,363.34, plus interest, which ISS has incurred and sustained for the benefit of Defendant RUSHAB.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint;

B.      That judgment may be entered in favor of Plaintiff on its First Cause of Action (Breach of Contract) in an amount to be determined by the Court;

C.      That judgment may be entered in favor of Plaintiff on its Second Cause of Action (Account Stated) in an amount to be determined by the Court;

D.      That judgment may be entered in favor of Plaintiff on its Third Cause of Action (Unjust Enrichment / Quantum Meruit) in an amount to be determined by the Court;

E.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgments which may be obtained; and

F.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       November 12, 2014

                    CHALOS & CO, P.C.
                    Attorneys for Plaintiff
                    ISS MARINE SERVICES LTDA.

By:     s/ Katherine N. Christodoulatos
        Katherine N. Christodoulatos (KC-1226)
        55 Hamilton Avenue
        Oyster Bay, New York 11771
        Tel: (516) 714-4300
        Fax: (516) 750-9051
        Email: kchristodoulatos@chaloslaw.com

OF COUNSEL:

CHALOS & CO, P.C.
Kerri M. D'Ambrosio, Esq.
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300
Tax: (516) 750-9051
Email: kdambrosio@chaloslaw.com

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, ISS MARINE SERVICES, LTDA., certifies that the matter in controversy in this action is not the subject of any other actions filed in any other court and is not the subject of any pending arbitration or administrative proceedings.

Dated:  November 12, 2014
       Oyster Bay, New York

                                      Respectfully submitted,

                                      CHALOS & CO, P.C.
                                      *Attorneys for Plaintiff*
                                      ISS MARINE SERVICES, LTDA.

                By:     s/ Katherine N. Christodoulatos
                         Katherine N. Christodoulatos (KC-1226)
                         55 Hamilton Avenue
                         Oyster Bay, New York 11771
                         Tel:  (516) 714-4300
                         Fax:  (516) 750-9051
                         E-mail:  kchristodoulatos@chaloslaw.com

CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Katherine N. Christodoulatos
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: (516) 714-4300

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISS MARINE SERVICES, LTDA.<br><br>                    Plaintiff,<br><br>v.<br><br>RUSHAB SHIP INTERNATIONAL, LLC<br>                    Defendants. | NO.<br><br>VERIFICATION OF COMPLAINT |

Pursuant to 28 U.S.C. §1746, KATHERINE N. CHRISTODOULATOS, Esq., declares under the penalty of perjury:

1.    I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, ISS MARINE SERVICES, LTDA.

2.    I have read the foregoing Verified Complaint and know the contents thereof; and

3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.    The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this case.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2014
       Oyster Bay, New York

                          CHALOS & CO, P.C.
                          Attorneys for Plaintiff
                          ISS MARINE SERVICES, LTDA.

                   By:    /s Katherine N. Christodoulatos_____
                          Katherine N. Christodoulatos (KC-1226)
                          55 Hamilton Avenue
                          Oyster Bay, New York 11771
                          Tel:  (516) 714-4300
                          Fax: (516) 750-9051
                          E-mail: kchristodoulatos@chaloslaw.com